**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1902

CARLA ANN HALE,

Plaintiff - Appellant,

v.

MARTIN J. O'MALLEY, Commissioner of Social Security,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Mark Coulson, Magistrate Judge. (1:21−cv−01664−JMC)

Submitted: November 9, 2023                    Decided: August 22, 2024

Before DIAZ, Chief Judge, NIEMEYER, Circuit Judge, and KEENAN, Senior Circuit Judge.

Vacated and remanded by unpublished opinion. Chief Judge Diaz wrote the opinion in which Judge Niemeyer and Judge Keenan joined.

**ON BRIEF:** Daniel S. Jones, LAW OFFICES OF HARRY J. BINDER & CHARLES E. BINDER, P.C., New York, New York, for Appellant. Brian C. O'Donnell, Associate General Counsel, Victor Pane, Supervisory Attorney, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland; Erek L. Barron, United States Attorney, Cathleen C. McNulty, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

2

DIAZ, Chief Judge:

Carla Ann Hale appeals the district court's order affirming the Social Security Administration's denial of her application for benefits. Hale suffers from chronic back and hip pain caused by her scoliosis and Harrington rod surgery,[1] and in 2019, applied for disability benefits.

Though the administrative law judge found that Hale has "a baseline of pain with intermittent fluctuation," she determined that Hale retained the residual functional capacity to perform light work with some modifications. But in doing so, the judge failed to explain how Hale could stand or walk for six hours each day, as light work requires. Because the judge didn't connect Hale's evidence to this conclusion, we vacate and remand for further proceedings.

---

[1] Harrington instrumentation is "[a] surgical management of scoliosis (sideways bending of spine) utilizing metal rods and hooks by which traction is exerted on the concave side of the curve (of the spine) and pressure is exerted on the convex side." *Harrington Instrumentation*, 3 Attorneys' Dictionary of Medicine (Matthew Bender ed., 2023). Because of advances in treatment methods and instrumentation and the aggravated risk of later-in-life chronic back pain, flat back syndrome, and other complications associated with this procedure, the medical community has moved away from Harrington rod surgery to correct scoliosis. *See* Ethan Sissman, Aaron J. Buckland, Thomas J. Errico & Johnathan Oren, *History of Spinal Instrumentation: The Modern Era*, *in* 1 Spine Surgery 30, 30 (Michael P. Steinmetz, Sigurd H. Berven & Edward C. Benzel eds., 5th ed. 2022); Kenneth J. Paonessa & Gordon L. Engler, *Back Pain and Disability After Harrington Rod Fusion to the Lumbar Spine for Scoliosis*, 17 Spine S249, S249–53 (Supp. 1992).

I.

To determine whether Hale was disabled, the administrative law judge applied the Social Security Administration's five-step disability framework.  At the first three steps of the framework, the judge considers "(1) whether the claimant is working; (2) if not, whether she has a 'severe impairment'; and (3) if she does, whether the impairment 'meets or equals a listed impairment.'" *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1520).  If the claimant satisfies the first three steps, then she is disabled under the Social Security Act.  *Id.*

But if the claimant satisfies only the first two steps and not the third, then the judge "must determine the claimant's residual functional capacity, that is, an evaluation of her ability to perform work despite her limitations ('RFC assessment')." *Id.* (citing 20 C.F.R. § 404.1520(e)).

Once the judge has done so, she proceeds to step four: determining whether the claimant's impairment prevents her from performing "past relevant work." *Id.* (quoting 20 C.F.R. § 404.1520(a)(4)(iv)).  If the impairment does, then the judge proceeds to step five, "where the burden shifts to the [agency] to prove, by a preponderance of the evidence, that the claimant can perform other work that exists in significant numbers in the national economy, considering the claimant's RFC, age, education, and work experience." *Shinaberry v. Saul*, 952 F.3d 113, 119 (4th Cir. 2020) (cleaned up).

At steps one through three, the judge determined (1) that Hale hadn't worked since December 2015; (2) that she had three severe impairments: a history of scoliosis, left lower

4

extremity causalgia, and osteoporosis; and (3) that her impairments didn't meet or equal the requirements of a listed impairment.

But the judge found that Hale had "the residual functioning capacity to perform light work," with some limitations. J.A. 11. In doing so, she found that Hale's testimony about "the intensity, persistence and limiting effects of [her] symptoms" conflicted with the rest of the record. J.A. 14. She also considered the medical opinions of Hale's primary care physician, Dr. Rebecca Herman-Smith, and her sports medicine doctor, Dr. Brian Kim, who both found that Hale was disabled, and those of two agency-retained independent consultants, Dr. A. Serpick and Dr. Gurcharan Singh, who found that she wasn't.

The judge found none of the reports persuasive. Instead, she determined, based on her own review of Hale's medical records, that Hale's symptoms were "less intense" than she indicated and wouldn't cause her to often miss work. J.A. 21. Thus, the judge concluded that Hale could return to her past work or obtain other light or sedentary work. So she denied benefits.

Hale sought judicial review of the administrative law judge's decision, and the district court granted summary judgment to the Commissioner of the Social Security Administration and affirmed the denial of benefits.

Hale timely appealed.

## II.

We review the agency's denial of social security benefits under 42 U.S.C. § 405(g). Our standard of review is deferential and requires us to uphold the administrative law

5

judge's disability determination so long as "(1) the [judge] applied the correct legal standards and (2) substantial evidence supports the [judge's] factual findings." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020).

Hale raises three claims on appeal. First, Hale argues that the administrative law judge failed to use the proper legal standard to evaluate her medical opinion evidence. Next, Hale argues that the judge didn't use the proper legal standard to evaluate her subjective complaints. Finally, Hale claims that the judge's RFC determination wasn't supported by substantial evidence.

We disagree with Hale that the administrative law judge improperly evaluated the medical opinion evidence from Herman-Smith and Kim. Consistent with the agency's requirements under 20 C.F.R. § 404.1520c(c), the judge properly considered the supportability and consistency of Herman-Smith's and Kim's letters alongside other evidence in the record. And under the agency's regulations, the judge wasn't required to explicitly address the other regulatory factors, including the length, frequency, and nature of treatment. *See* 20 C.F.R. § 404.1520c(b)(2).

Likewise, we think the judge properly evaluated Hale's subjective complaints. The judge followed the agency's two-step inquiry: she first determined that "objective medical evidence present[ed] a medically determinable impairment that could reasonably be expected to produce [Hale's] alleged symptoms," before assessing "the intensity and persistence of the alleged symptoms." *Arakas*, 983 F.3d at 95 (cleaned up).

Admittedly, some of the administrative law judge's reasoning was flawed. For example, the judge relied heavily on Hale's "generally conservative and routine" treatment,

6

J.A. 21, and singled out Hale's refusal to take narcotic pain medication. But in doing so, the judge glossed over how Hale's impairments are typically treated. *See Arakas*, 983 F.3d at 102 (faulting the agency for relying on the claimant's refusal to take narcotic painkillers and noting that "[the claimant's] doctors' treatment decisions were wholly consistent with how [her impairment] is treated generally"). She also ignored Hale's justifications for refusing surgical intervention: her doctors advised her to forgo surgery because it could be ineffective or worsen her mobility.

Even so, the administrative law judge's consistency finding is supported by substantial evidence. The judge was entitled to rely on Hale's physical therapy notes, many of which (1) state the physical therapist's view that Hale appeared in minimal or moderate distress, and (2) contradict Hale's testimony about the intensity of her pain. *See* A.R. 2673, 2679, 2683 ("no distress"), 2695, 2706, 2710, 2714, 2720, 2722, 2726, 2728, 2730, 2732, 2738 ("Her pain is a 3/10 today."), 2750, 2752 ("Okay today."), 2785, 2787. Though we may have weighed the evidence differently, that's not our role. *See Shinaberry*, 952 F.3d at 123 (stating that we may not "reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [administrative law judge]").[2]

---

[2] Hale argues that the judge should have afforded her testimony more weight, considering her extensive work history. Our sister circuit has remarked that a "claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability." *Rivera v. Schweiker*, 717 F.2d 719, 725 (2d Cir. 1983); *accord Hill v. Colvin*, 807 F.3d 862, 868 (7th Cir. 2015). But even so, the judge was entitled to find her testimony unpersuasive considering the inconsistencies with the record.

That said, we find Hale's last argument meritorious. As we've oft stated, a "proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019). As part of that logical explanation, the administrative law judge must "build an accurate and logical bridge" between the evidence and her conclusion. *See Arakas*, 983 F.3d at 95.

The judge reviewed Hale's medical records in exhaustive detail. But in a few places, the judge jumped straight to the conclusion, or provided no more than threadbare explanations. For example, the judge referenced Kim's statement that Hale is "independent [in] daily activities and driving" as justification for her RFC determination, J.A. 22, but didn't specify (1) what those daily activities are, and (2) why they are on par with the requirements of a full day of light work.

Similarly, the judge found that Hale's continued acute complaints suggest "a baseline of pain with intermittent fluctuations," and noted that Hale's varied (and extensive) treatment methods "underscore the intensity of her pain." J.A. 21. But the judge made no findings about how prolonged sitting, standing, and walking could aggravate her pain, and whether Hale could control or minimize her pain during the workday.

Most troublingly, though the administrative law judge found that Hale had capacity for a "basic range of exertion with a wide range of lifting, carrying, standing, and walking," J.A. 21, she failed to address whether and how Hale could perform those duties eight hours per day for five days per week.

We find *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), indistinguishable. As here, the administrative law judge there "concluded that [the claimant] c[ould] perform certain

8

functions." *Id.* at 637.  But the judge "said nothing about [the claimant's] ability to perform them for a full workday," which impeded our meaningful review of the judge's conclusions.  *Id.*; *accord Thomas*, 916 F.3d at 312 (vacating and remanding because the "the [judge] drew no explicit conclusions about how [the claimant's] mental limitations affect her ability to perform job-related tasks for a full workday").

Because the judge here likewise failed to explain Hale's capacity for light or sedentary work for a whole workday, we remand for further proceedings and a new decision.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*